UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PETER J. SEKUL and DEBORAH D. SEKUL**                                              **PLAINTIFFS**

**V.**                                                            **CIVIL ACTION NO.1:06CV924 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY, ET AL.**                  **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

The Court has before it the motions [19] [20] [21] [22] of State Farm Fire and Casualty Company (State Farm) to dismiss the complaint or to join the United States Small Business Administration as a party.  For the reasons discussed below, these motions will be denied.

This is an action to recover property insurance benefits for damage that occurred during Hurricane Katrina.  At the time of the storm, the plaintiffs were the named insureds under a homeowners policy (policy number 24-BL-0967-8) issued by State Farm.  The insured property was the plaintiffs' dwelling and its contents located at 10179 South River Drive, Biloxi, Mississippi.  The insured property was extensively damaged in the storm.  There is a dispute between the plaintiffs and State Farm over whether the damage to the insured property was caused by a covered peril, and, if so, the extent of this covered loss.  Plaintiffs also allege that State Farm's handling of their claims did not meet State Farm's duty of good faith and fair dealings under applicable Mississippi law. (Complaint Paragraphs 23 through 27)

Approximately seven months after the storm, in March 2006, the plaintiffs obtained a disaster loan from the United States Small Business Association (SBA).  This loan is secured by a deed of trust on the plaintiffs' property.  As part of this loan transaction, the plaintiffs assigned the proceeds of their State Farm homeowners policy to the SBA.  This assignment is required under applicable federal statutes and regulations to avoid use of SBA emergency loan funds to duplicate compensation borrowers might receive from other sources, including property insurance.  The assignment provides:

***ASSIGNMENT OF INSURANCE PROCEEDS***
*For value received, [Plaintiffs] (insured) hereby assign to the U.S. Small Business Administration, an Agency of the United States Government (SBA), any and all moneys now due or to become due to [Plaintiffs] under policy no 24-BL-0967-8 for damages occurring on or about August, 2005, as a result of a (an) Hurricane Katrina.*
*The insured and SBA agree that this assignment shall not apply to recoveries for additional living expenses, and checks issued solely for this purpose need not name the SBA as a payee.*

While this assignment is not an assignment of the insureds' *rights* under the policy or of the plaintiffs' *claims* against State Farm under the policy, State Farm contends that this assignment has the legal effect of making the SBA, and not the plaintiffs, the real party in interest in this case.  Since the SBA is not presently a party, State Farm contends that this action should be dismissed on the grounds that the plaintiffs lack standing to pursue a claim under the State Farm policy.  Alternatively, State Farm asserts that the SBA should be joined as a party.

State Farm's motion creates something of a Catch-22 for the plaintiffs.  State Farm's contention is that having obtained a loan secured in part by the *proceeds* of their property insurance, the plaintiffs are no longer entitled to press their claim to collect those policy proceeds.  Since a recovery of policy benefits and payment of the sums recovered would necessarily operate to reduce, i.e. to offset, dollar for dollar, the amount the plaintiffs are obliged to repay the SBA on their loan, the plaintiffs have a direct and obvious interest in the recovery of these insurance benefits.  I see nothing in the assignment or the related documents that evidences any intention on the part of the plaintiffs or on the part of the SBA that the SBA take over the litigation of the insurance claim under the plaintiffs' State Farm policy, and I see no indication that the plaintiffs intended to transfer or the SBA to acquire the plaintiffs' rights under the policy.

Plaintiffs have assumed a valid legal obligation to pay any policy proceeds they may recover to the SBA, but I am at a loss to understand how State Farm can contend, in good faith, that plaintiffs no longer have a sufficient interest in this litigation to recover those policy proceeds to qualify as real parties in interest under F.R.Civ.P. 17.  I find no merit in State Farm's contention that the assignment of these insurance proceeds deprives the plaintiffs, the named insureds, of standing to pursue a claim under their homeowners insurance policy.  In my view, the plaintiffs have a right to seek enforcement of their insurance contract as well as a duty to honor the assignment of any insurance proceeds they may recover in accordance with the plaintiffs' contractual obligations to the SBA.

State Farm also takes the position that the plaintiffs lack standing to pursue a claim under their homeowners policy for additional living expenses (ALE benefits) despite the fact that the assignment contains an exception of these policy benefits from the assignment. State Farm is arguing that the plaintiffs are unable to pursue a claim that they expressly reserved because there has been an assignment of all other policy proceeds.  In my opinion, the reservation of the ALE claim alone makes the arrangement a partial rather than a complete assignment of the policy proceeds.  This fact alone distinguishes those cases cited by State Farm in support of its contention that the plaintiffs have no continuing interest in recovering benefits under the State Farm policy.  These cases include *EB, Inc. v. Allen*, 722 So.2d 555 (Miss.1998) and *Great Southern National Bank v. McCullough Environmental Services, Inc.*, 595 So.2d 1282 (Miss.1992).

Mississippi jurisprudence looks to the terms of an assignment as well as the circumstances in which the assignment is made to determine the parties' intentions. *EB, Inc. v. Allen*, 722 So.2d 555 (Miss.1998) citing *International Harvester Co. v. Peoples Bank & Trust Co.*, 402 So.2d 856, 861 (Miss.1981).  Mississippi cases also draw a distinction between the assignment of a contract and the assignment of money that may be due or may become due under a contract.  The latter may be validly assigned even where the underlying contract expressly prohibits assigning the contract itself. *Merchants and Farmers Bank of Meridian v. McClendon*, 220 So.2d 815 (Miss.1969).  The State Farm policy at issue in this case cannot be validly assigned by the plaintiffs without State Farm's written consent. (State Farm Policy at page 20, Condition 7)

When the terms of the assignment and the surrounding circumstances indicate the parties intention to convey all of an assignor's rights in the thing assigned, the assignee thereafter has no further interest therein.  This was the type of transaction that was before the Court in *International Harvester Co. v. Peoples Bank and Trust Co.*, supra.  The debtor in that case assigned to the bank his "contract rights" in an agreement between the debtor and International Harvester Company (International Harvester).  The contract in question was delivered to the bank as part of this arrangement.  The Court found that this was an unequivocal assignment of all the debtor's rights under his contract with International Harvester.  This transaction involved a fixed legal obligation to pay a sum certain.  The assignment was approved by International Harvester, and the contract itself was expressly assigned and delivered to the assignee.  This transaction stands in sharp contrast to the SBA assignment now before the Court.  The legal obligation of State Farm under its homeowners policy has not yet been liquidated; the assignment is contingent on the plaintiffs' recovery under their insurance policy; and the assignment reserves some rights under the insurance contract to the plaintiffs.  If the plaintiffs cannot prove their case on its merits, there are and will be no "moneys due to [Plaintiffs] under the [State Farm] policy."

The assignment now before the Court does not appear to me to cover the plaintiffs' claims for extra-contractual damages based on State Farm's alleged bad faith misconduct.  This is a tort claim that is based on duties incident to the insurance contract, not a contract claim payable under the terms of the policy. The assignment does not purport to assign these claims to the SBA, and I see nothing in these loan documents that indicates an intention by either the plaintiffs or the SBA to assign these rights.

The plaintiffs are the named insureds under the State Farm policy, and the SBA is neither an additional insured nor a third party beneficiary of the insurance contract.  The plaintiffs obligation to the SBA arose through a loan transaction that occurred several months after the loss allegedly covered by the State Farm homeowners policy.  As I read the terms of the agreement between the SBA and the plaintiffs, the plaintiffs' obligation is to pay to the SBA, for credit against the outstanding balance of the SBA loan, the policy benefits, if any, the plaintiffs actually collect in this lawsuit, i.e. "any and all moneys now due or to become due under [the State Farm] policy."

Accepting State Farm's argument would lead to the conclusion that the SBA and the plaintiffs intended to agree that the SBA would assume the right and the responsibility for pursuing claims under the policy. I do not believe that to be the case. It is clear to me that the SBA has never contemplated undertaking to litigate the insurance claims of those to whom it has given emergency loans involving the assignment of insurance proceeds. I see nothing in the loan documents or the assignment that indicates any intention that this should occur. The plaintiffs' obligation to repay their SBA loan exists independently of their right, if any, to collect insurance benefits under their homeowners policy. The agreement between the plaintiffs and the SBA only affects the disposition of that recovery in the event such a recovery occurs.

While I would certainly permit the SBA to intervene in this action to protect its interest if it should apply for that relief, I do not believe this situation warrants my requiring the SBA to participate in this action involuntarily. Since the assignment at issue does not make a full assignment of the plaintiffs' rights under the contract or of the plaintiffs' claims under the contract, I find that the SBA has acquired no interest in this insurance contract other than its unchallenged right to be paid the sums plaintiffs may recover as policy benefits, up to the outstanding balance owed on the plaintiffs' emergency loan.

Accordingly, I will deny State Farm's motions [19] [20] [21] [22]. An appropriate order will be entered.

**DECIDED** this 3rd day of May, 2007.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE